FILED
CLERK, U.S. DISTRICT COURT
10/07/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSUE GAMALIEL VIDAL QUINTANILLA,<br>　aka "Firstlast6543,"<br><br>　　　　Defendant. | ED CR No. 5:20-cr-00192-JGB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution and Receipt of Child Pornography; 18 U.S.C. §§ 2252A(a)(1), (b)(1): Transportation of Child Pornography] |
|---|---|

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about August 12, 2020, in San Bernardino County, within the Central District of California, defendant JOSUE GAMALIEL VIDAL QUINTANILLA, also known as "Firstlast6543," knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce by any means, including

1 by computer, knowing that the images and videos were child
2 pornography.
3     The child pornography that defendant VIDAL received consisted of
4 the following videos:
5     1.   A video depicting an adult male penetrating a female child
6          under the age of 12 years old; and
7     2.   A video depicting a prepubescent female child masturbating.

COUNT TWO

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about August 14, 2020, in San Bernardino County, within the Central District of California, defendant JOSUE GAMALIEL VIDAL QUINTANILLA, also known as "Firstlast6543," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images and videos were child pornography.

The child pornography that defendant VIDAL distibuted included, but was not limited to, the following videos:

1. A video depicting an adult male penetrating a female child under the age of 12 years old; and
2. A video depicting a prepubescent female child, under the age of 12 years, masturbating.

COUNT THREE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about August 22, 2020, in San Bernardino County, within the Central District of California, defendant JOSUE GAMALIEL VIDAL QUINTANILLA, also known as "Firstlast6543," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images and videos were child pornography.

The child pornography that defendant VIDAL distibuted included, but was not limited to, a video depicting a prepubescent female child masturbating.

COUNT FOUR

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about August 22, 2020, in San Bernardino County, within the Central District of California, defendant JOSUE GAMALIEL VIDAL QUINTANILLA, also known as "Firstlast6543," knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images and videos were child pornography.

The child pornography that defendant VIDAL received included, but was not limited to, the following videos:

1. A video depicting an adult male penetrating a prepubescent female child; and
2. A video depicting an adult male digitally penetrating a prepubescent female child.

COUNT FIVE

[18 U.S.C. §§ 2252A(a)(1), (b)(1), 2(a)]

On or about August 22, 2020, in San Bernardino County, within the Central District of California, defendant JOSUE GAMALIEL VIDAL QUINTANILLA, also known as "Firstlast6543," knowingly transported and shipped, and aided and abetted in transporting and shipping, child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images and videos were child pornography.

The child pornography that defendant VIDAL transported included, but was not limited to, the following videos titled:

1. VID-20170130-WA00110; and
2. VID-20170131-WA0000.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in any of Counts One through Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2253(b), the defendant, if so

convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

SONAH LEE
Assistant United States Attorney
Riverside Branch Office