TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6202
    E-mail:   Sonah.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 20-192-JGB |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOSUE GAMALIEL VIDAL QUINTANILLA |
| v. | |
| JOSUE GAMALIEL VIDAL QUINTANILLA, aka "Firstlast6543," | |
| Defendant. | |

    1.   This constitutes the plea agreement between JOSUE GAMALIEL VIDAL QUINTANILLA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count three of the indictment in <u>United States v. Josue Gamaliel Vidal Quintanilla</u>, ED CR No. 20-192-JGB, which charges defendant with Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of a term of supervised release of no less than 20 years (with the government reserving the right to seek a higher term of supervised release up to the statutory maximum of life) with the following conditions of supervised release set forth in the "Appendix" to this Agreement.

i.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

1        j.    Defendant agrees that any and all restitution/fine

2   obligations ordered by the Court will be due in full and immediately.

3   The government is not precluded from pursuing, in excess of any

4   payment schedule set by the Court, any and all available remedies by

5   which to satisfy defendant's payment of the full financial

6   obligation, including referral to the Treasury Offset Program.

7        k.    Complete the Financial Disclosure Statement on a form

8   provided by the USAO and, within 30 days of defendant's entry of a

9   guilty plea, deliver the signed and dated statement, along with all

10  of the documents requested therein, to the USAO by either email at

11  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

12  Litigation Section at 300 N. Los Angeles St., Suite 7516, Los

13  Angeles, CA 90012.

14       l.    Authorize the USAO to obtain a credit report upon

15  returning a signed copy of this plea agreement.

16       m.    Consent to the USAO inspecting and copying all of

17  defendant's financial documents and financial information held by the

18  United States Probation and Pretrial Services Office.

19  3.    Defendant further agrees:

20       a.    To forfeit all right, title, and interest in and to

21  any and all monies, properties, and/or assets of any kind, derived

22  from or acquired as a result of, or used to facilitate the commission

23  of, or involved in the illegal activity to which defendant is

24  pleading guilty, specifically including, but not limited to, the

25  following (collectively, the "Forfeitable Assets"):

26           i.    Samsung Galaxy S7 Edge Smartphone, SM-G935P, IMEI

27  355911072016396;

28

ii.   Samsung Galaxy Avant Smartphone, SM-G386T, IMEI 352829/06/691678/0, with a 32-gigabyte micro SD memory card;

iii. Samsung Galaxy Tablet, SM-T580, Serial Number R52JB1FRDPD, with an 8-gigabyte micro SD memory card;

iv.   Apple Tablet, iPad 3, Serial Number DMQWLM51JF8J;

v.   a Toshiba Satellite Laptop, Serial Number 6B407141K;

vi.   a Dell Laptop, Serial Number 98Q4ST2; and

vii. Alcatel One Touch Smartphone, 7024W, IMEI 013763002488648.

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

1        f.   Not to claim that reasonable cause to seize the

2  Forfeitable Assets was lacking.

3        g.   To prevent the transfer, sale, destruction, or loss of

4  the Forfeitable Assets to the extent defendant has the ability to do

5  so.

6        h.   To fill out and deliver to the USAO a completed

7  financial statement listing defendant's assets on a form provided by

8  the USAO.

9        i.   That forfeiture of the Forfeitable Assets shall not be

10  counted toward satisfaction of any special assessment, fine,

11  restitution, costs, or other penalty the Court may impose.

12                  THE USAO'S OBLIGATIONS

13    4.   The USAO agrees to:

14        a.   Not contest facts agreed to in this agreement.

15        b.   Abide by all agreements regarding sentencing contained

16  in this agreement.

17        c.   At the time of sentencing, move to dismiss the

18  remaining counts of the indictment as against defendant.  Defendant

19  agrees, however, that at the time of sentencing the Court may

20  consider any dismissed charges in determining the applicable

21  Sentencing Guidelines range, the propriety and extent of any

22  departure from that range, and the sentence to be imposed.

23        d.   At the time of sentencing, provided that defendant

24  demonstrates an acceptance of responsibility for the offense up to

25  and including the time of sentencing, recommend a two-level reduction

26  in the applicable Sentencing Guidelines offense level, pursuant to

27  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

28  additional one-level reduction if available under that section.

1      e.   Except for criminal tax violations (including

2 conspiracy to commit such violations chargeable under 18 U.S.C.

3 § 371), not further criminally prosecute defendant for violations of

4 18 U.S.C. § 2252A(a)(2)(A) arising out of defendant's conduct

5 described in the agreed-to factual basis set forth in paragraph 15

6 below and for his conduct in contacting minors online and soliciting

7 them to watch him masturbate via video chats.  Defendant understands

8 that the USAO is free to criminally prosecute defendant for any other

9 unlawful past conduct or any unlawful conduct that occurs after the

10 date of this agreement.  Defendant agrees that at the time of

11 sentencing the Court may consider the uncharged conduct in

12 determining the applicable Sentencing Guidelines range, the propriety

13 and extent of any departure from that range, and the sentence to be

14 imposed after consideration of the Sentencing Guidelines and all

15 other relevant factors under 18 U.S.C. § 3553(a).

16      f.   Recommend that defendant be sentenced to a term of

17 imprisonment no higher than the low end of the applicable Sentencing

18 Guidelines range, provided that the offense level used by the Court

19 to determine that range is 38 or higher and provided that the Court

20 does not depart downward in offense level or criminal history

21 category.  For purposes of this agreement, the low end of the

22 Sentencing Guidelines range is that defined by the Sentencing Table

23 in U.S.S.G. Chapter 5, Part A.

24                          NATURE OF THE OFFENSE

25      5.   Defendant understands that for defendant to be guilty of

26 the crime charged in count three, that is, Distribution of Child

27 Pornography, in violation of Title 18, United States Code, Section

28 2252A(a)(2)(A), the following must be true:  (1) defendant knowingly

6

distributed matters that defendant knew contained visual depictions of a minor engaged in sexually explicit conduct; (2) defendant knew the visual depiction contained in the matters showed a minor engaged in sexually explicit conduct; (3) defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and (4) each visual depiction had been: (a) mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce, or (b) produced using any means or facility of interstate or foreign commerce or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(2)(A), and (b)(1), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1), is: five years' imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

8.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that

defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

9.    Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $35,000.

10.    Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty and; (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution order is approximately $48,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.  Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

11.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that

8

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12. Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

14.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

15.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

In September 2019, Kik, a mobile messaging application, submitted a Cybertip that one of its users "itsjayking2" had uploaded

suspected child pornography.  In January 2020, Snapchat, also a mobile messaging application, submitted a Cybertip that one of its users "josh7csusb1" had uploaded suspected child pornography onto its platform.  The IP address associated with "itsjayking2" and "josh7csusb1" was an IP address assigned to defendant's residence in Fontana, San Bernardino County, California, within the Central District of California.

Homeland Security Investigations ("HSI") agents executed a federal search warrant at defendant's residence on September 23, 2020 and seized several digital devices.  Defendant agreed to speak with law enforcement and gave a statement.  Defendant admitted that he has been viewing child pornography since January or February 2019.  He began watching it on Kik.  Defendant had recently watched child pornography earlier that week, using Mega or Dropbox links.  He also admitted to sending people links to Mega and dropbox links that contained child pornography, including child pornography involving infants to seventeen years old.  Defendant used several Snapchat accounts to access child pornography.  He gave written consent to HSI to access and take over his Snapchat and other online accounts.

HSI accessed defendant's Snapchat account "Firstlast6543" and found several conversation threads where defendant was discussing and trading child pornography with other Snapchat users.  Specifically, on August 22, 2020, defendant using "Firstlast6543" exchanged child pornography with another Snapchat user "r******" via the Internet.  At 5:41 a.m., defendant received from Snapchat user "r******" a video depicting a nude male adult vaginally penetrating a nude prepubescent female.  At 5:45 a.m, defendant sent the Snapchat user "r******" a video depicting a nude prepubescent female sitting on the floor in

11

front of the camera and masturbating by digitally penetrating her vagina.  In total, HSI recovered about 1500 images and 724 videos of child pornography from defendant's Kik and Snapchat accounts and digital devices.

Defendant admits and agrees that he knew that the video he knowingly distributed to another Snapchat user on August 22, 2020, as described in count three, for the purpose of obtaining other child pornography, contained a visual depiction of a minor engaged in sexually explicit conduct, that he knew that the visual depiction contained in the image showed a minor engaged in sexually explicit conduct, and that he knew that production of such visual depiction involved the use of a minor engaged in sexually explicit conduct. Defendant admits and agrees that the child depicted in the video is a real child, and defendant distributed child pornography using the Internet, which is a means and facility of interstate and foreign commerce, using a computer.

SENTENCING FACTORS

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

17.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(1) |
| Specific Offense Characteristics: | | |
| Prepubescent Minor | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Distribution for Consideration | +5 | U.S.S.G. § 2G2.2(b)(3)(B) |
| Use of Computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| More than 600 Images | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

18.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

13

1          a.   The right to persist in a plea of not guilty.

2          b.   The right to a speedy and public trial by jury.

3          c.   The right to be represented by counsel – and if

4 necessary have the Court appoint counsel -- at trial.  Defendant

5 understands, however, that, defendant retains the right to be

6 represented by counsel – and if necessary have the Court appoint

7 counsel – at every other stage of the proceeding.

8          d.   The right to be presumed innocent and to have the

9 burden of proof placed on the government to prove defendant guilty

10 beyond a reasonable doubt.

11          e.   The right to confront and cross-examine witnesses

12 against defendant.

13          f.   The right to testify and to present evidence in

14 opposition to the charges, including the right to compel the

15 attendance of witnesses to testify.

16          g.   The right not to be compelled to testify, and, if

17 defendant chose not to testify or present evidence, to have that

18 choice not be used against defendant.

19          h.   Any and all rights to pursue any affirmative defenses,

20 Fourth Amendment or Fifth Amendment claims, and other pretrial

21 motions that have been filed or could be filed.

22               WAIVER OF RETURN OF DIGITAL DATA

23   21.  Understanding that the government has in its possession

24 digital devices and/or digital media seized from defendant, defendant

25 waives any right to the return of digital data contained on those

26 digital devices and/or digital media and agrees that if any of these

27 digital devices and/or digital media are returned to defendant, the

28

government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

22.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

23.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 33 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $48,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in the Second Amended

General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above and in "Appendix" to this Agreement.

24.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

25.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 33 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $48,000.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

29.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement.

30. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.

32.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

33.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

34.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

35.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____          9/3/21
SONAH LEE                          Date
Assistant United States Attorney

_____          9/4/21
JOSUE GAMALIEL VIDAL QUINTANILLA   Date
Defendant

_____          9/4/21
ANDREW B. BYRD                     Date
Deputy Federal Public Defender
Attorney for Defendant JOSUE
GAMALIEL VIDAL QUINTANILLA


<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

1  of entering into this agreement.  No promises, inducements, or
2  representations of any kind have been made to me other than those
3  contained in this agreement.  No one has threatened or forced me in
4  any way to enter into this agreement.  I am satisfied with the
5  representation of my attorney in this matter, and I am pleading
6  guilty because I am guilty of the charge and wish to take advantage
7  of the promises set forth in this agreement, and not for any other
8  reason.

9

10 _____          9/4/21
   JOSUE GAMALIEL VIDAL QUINTANILLA     Date
11 Defendant

12           CERTIFICATION OF DEFENDANT'S ATTORNEY

13     I am JOSUE GAMALIEL VIDAL QUINTANILLA's attorney.  I have

14 carefully and thoroughly discussed every part of this agreement with

15 my client.  Further, I have fully advised my client of his rights, of

16 possible pretrial motions that might be filed, of possible defenses

17 that might be asserted either prior to or at trial, of the sentencing

18 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

19 Guidelines provisions, and of the consequences of entering into this

20 agreement.  To my knowledge: no promises, inducements, or

21 representations of any kind have been made to my client other than

22 those contained in this agreement; no one has threatened or forced my

23 client in any way to enter into this agreement; my client's decision

24 to enter into this agreement is an informed and voluntary one; and

25 //

26 //

27 //

28

the factual basis set forth in this agreement is sufficient to
support my client's entry of a guilty plea pursuant to this
agreement.

_____          9/4/21
ANDREW B. BYRD                           Date
Deputy Federal Public Defender
Attorney for Defendant JOSUE
GAMALIEL VIDAL QUINTANILLA

APPENDIX

Sex Offender Supervised Release Conditions

Sex Offender Registration

Defendant shall register as a sex offender, and maintain the registration as a sex offender for the entire period of supervised release, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

Counseling

Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of

1   community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall

2   provide payment and proof of payment as directed by the Probation

3   Officer.

4    Access to Materials

5       Defendant shall not view or possess any materials, including

6   pictures, photographs, books, writings, drawings, videos, or video

7   games, depicting and/or describing child pornography, as defined in

8   18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as

9   defined at 18 U.S.C. §2256(2).  The defendant shall not possess or

10  view any materials such as videos, magazines, photographs, computer

11  images or other matter that depicts "actual sexually explicit

12  conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This

13  condition does not prohibit defendant from possessing materials

14  solely because they are necessary to, and used for, a collateral

15  attack, nor does it prohibit defendant from possessing materials

16  prepared and used for the purposes of defendant's Court-mandated sex

17  offender treatment, when defendant's treatment provider or the

18  probation officer has approved of defendant's possession of the

19  materials in advance.

20  Contact with Others

21      Defendant shall not associate or have verbal, written,

22  telephonic, or electronic communication with any person under the age

23  of 18, except: (a) in the presence of the parent or legal guardian of

24  said minor; and (b) on the condition that defendant notifies said

25  parent or legal guardian of defendant's conviction in the instant

26  offense.  This provision does not encompass persons under the age of

27  18, such as waiters, cashiers, ticket vendors, etc., with whom

28  defendant must interact in order to obtain ordinary and usual

commercial services.

Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

Employment

Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

Residence

Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved

by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

Search

Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

Computer

Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure. This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.